**In re STANCRAFT CORPORATION, a/k/a Richmond Stancraft, Debtor.**

**Bankruptcy No. 81–01474–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 5, 1984.

Harry Shaia, Jr., Richmond, Va., for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing by Vortex Corporation et al. (Vortex), of a motion to disqualify Jackson & Campbell, P.C. as attorney for C. Jeffers Schmidt, Jr. Trustee in Bankruptcy. After the parties filed memoranda in support of their positions, this Court held a hearing on Vortex's motion. After consideration of the evidence adduced at trial, the argument made by counsel for the trustee and for Vortex, and after consideration of the applicable law, this Court renders the following opinion.

## PROCEDURAL HISTORY

On August 25, 1981 an involuntary petition in bankruptcy was filed against the debtor, Stancraft Corporation, a/k/a Richmond Stancraft. Upon finding that no answer had been filed pursuant to Rule 112 of the Rules of Bankruptcy Procedure an order for relief under Chapter 7 of the Bankruptcy Code was entered on September 23, 1981 by this Court. Subsequently, C. Jeffers Schmidt, Jr. was appointed and qualified as trustee for the debtor. On July 26, 1983 the trustee filed an application to approve the employment of Leonard E. Starr, III, attorney for the trustee to "assist in the administration of the estate and to investigate matters concerning preferential and fraudulent transfers by the debtor prior to the filing herein. Such representation will be limited to investigation of factual, legal matters concerning the feasibility of instituting suit to recover assets for the estate." This Court entered an order approving the employment of Leonard E. Starr, III, as attorney for the trustee on August 23, 1983.

On September 30, 1983 the trustee filed an application for the employment of James C. Eastman and the firm of Jackson & Campbell, P.C. to serve as co-attorney for the trustee for purposes of filing suit in regard to preferential and/or fraudulent causes of action against certain parties.

On October 4, 1983 the trustee filed an adversary proceeding against Vortex et al. in the Richmond Division of the United States Bankruptcy Court. The identical adversary proceeding was filed in the Alexandria Division of the United States District Court. Vortex Corporation and its majority shareholders are the defendants in that litigation. Vortex's motion for removal of the adversary proceeding from the United States District Court in Alexandria to the United States Bankruptcy Court was granted and the matter was then transferred to the Richmond Division for the United States Bankruptcy Court. Thus, both matters, although identical, are pending before

this Court, the Richmond Division of the United States Bankruptcy Court.[1]

On January 23, 1984 the trustee, James C. Eastman, Jackson & Campbell, P.C., and Leonard E. Starr, III, filed a joint application for interim compensation for a professional person and motion to approve fee arrangement. On February 10, 1984 defendants filed a motion to disqualify Jackson & Campbell as attorneys for the trustee. At the same time, based on the motion for disqualification, the defendants also objected to the joint application for compensation and motion to approve fee arrangement.

On February 16, 1984 this Court held a hearing on the joint application for interim compensation and approval of fee arrangement. At that hearing, the United States Trustee appeared by counsel and objected to the fee arrangement. Two creditors of the debtor appeared in support of the joint application. Vortex appeared by counsel and urged that the Court not award any compensation or approve the fee arrangement until after deciding Vortex's motion for disqualification. After considering the arguments made by all parties at the hearing, the Court ordered that no fee would be awarded for services prior to the approval of the trustee's application for employment. The Court otherwise approved the compensation as requested although required that the trustee make no disbursements to the attorneys until the motion for disqualification was determined.

## STATEMENT OF FACTS

James C. Eastman and his law firm, Jackson & Campbell, P.C., represented certain minority shareholders of Vortex in litigation against Vortex and certain majority shareholders of Vortex (*Morgart* defendants) in a prior law suit, *Morgart v. Vortex Corporation, et al.*, tried in the Alexandria Division of the United States District Court before Judge James Cacheris. At the conclusion of trial in the liability phase of that litigation, the parties agreed to a settlement which included judgment for the trustee representing the minority shareholders and an award of attorney's fees to Eastman and Jackson & Campbell for the work done on behalf of the shareholder plaintiffs. The court conducted hearings on the amount of the fee and ultimately determined that the defendants in that action which are the same defendants herein should pay Jackson & Campbell $113,656.25. According to the terms of the settlement agreement, the amount of the legal fee was secured by a deed of trust in favor of Jackson & Campbell against the homes of the defendants. Jackson & Campbell continues to hold the deed of trust against the homes of the defendants and the law firm continues to receive substantial monthly payments from the *Morgart* defendants.

The defendants in the adversary proceeding now pending in this Court were the defendants in the *Morgart* litigation. Moreover, the defendants in that matter are the majority shareholders in Vortex. Vortex holds all of the stock in the debtor corporation (Stancraft), therefore, practically speaking, the defendants herein are the majority shareholders of the debtor.

## CONCLUSIONS OF LAW

■ The bankruptcy court's obligation to scrutinize the propriety of the appointment of professional persons for a debtor remains under the new Bankruptcy Code. Whether the appointment of a particular professional person to serve a debtor is appropriate in a particular circumstance is governed by 11 U.S.C. § 327(a) which provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent and interest adverse to the estate, and that are disinterested per-

---

1. For the purposes of this Opinion and for all discussion in this Opinion, this Court will consider both adversary proceedings pending now in this Court and will refer to such as a single proceeding.

sons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Vortex essentially argues that Jackson & Campbell must be disqualified because 1) they hold an interest adverse to the estate and 2) they represent an interest adverse to the estate. In addition, § 327(a) provides that a trustee may employ attorneys that are disinterested persons. "Disinterested" means not having an interest materially adverse to the interest of the estate. 11 U.S.C. § 101(13). Therefore, Vortex's argument that Jackson & Campbell are not "disinterested" persons is subsumed in their two allegations noted above. More particularly, Vortex argues that as a judgment creditor of Vortex, Jackson & Campbell holds an interest adverse to the estate, and in representing the shareholders in the prior derivative suit, Jackson & Campbell represent an interest adverse to the interest of the trustee and the estate in this matter.

It is undisputed that Jackson & Campbell is a judgment lien creditor of the defendants in the adversary proceeding now pending in this Court. Thus, Jackson & Campbell and Stancraft are competing for the assets of the same parties. In the event Vortex lacks sufficient assets to satisfy any judgment the trustee recovers in the adversary proceeding as well as the obligation to Jackson & Campbell there will be a direct conflict between Jackson & Campbell's interest and the trustee's interest, which is represented by Jackson & Campbell, in the limited fund held by the defendants. These circumstances suggest that Jackson & Campbell may hold an interest adverse to the interest of the trustee for Stancraft and, therefore, may not be a disinterested party.

An additional argument brought by the defendants arising out of the fact that Jackson & Campbell holds an interest adverse to the trustee is the fact that Jackson & Campbell is receiving monthly payments from the defendants and that such payments will only be continually forthcoming if a certain degree of cooperation with the defendants is met by Jackson & Campbell. Although this argument has merit superficially, no evidence was presented to demonstrate any link between continued payments and cooperation by Jackson & Campbell to itself suggest conflicting loyalties.

The substance of the defendants' second argument that Jackson & Campbell must be disqualified is that Jackson & Campbell has a continuing representative relationship with the *Morgart* plaintiffs (Vortex minority shareholders) and that their interest in representing those shareholders in the prior action against the same defendants is an interest which is adverse to the trustee in the adversary proceeding in this Court. The basis of this allegation is that the trustee has a potential suit against the *Morgart* plaintiffs to disgorge from them certain amounts of the settlement of that prior litigation which rightfully belong to Stancraft creditors and, therefore, must be recovered by the trustee. Vortex also argues that the trustee must also consider whether to intervene in the *Morgart* case even after judgment and seek to set aside the settlement in that matter.

The trustee, by counsel (i.e. Jackson & Campbell), counters these allegations by arguing first that although Jackson & Campbell is indeed a creditor of the defendants, that they are fully secured and that no conflict as to the assets of the defendants exists that is sufficient to cause or mandate disqualification. Second, the trustee argues that any claims that Stancraft and, therefore, the trustee has against the minority shareholders in the *Morgart* litigation are frivolous or speculative at best. Third, the trustee argues that any settlement of the *Morgart* litigation did not settle or preclude an adversary proceeding against Vortex and the majority shareholders of Vortex (the defendants in the adversary proceeding now pending in this Court), because the claims of Stancraft against Vortex were not before the Court at the time *Morgart* litigation was settled and, therefore, it cannot be barred by that settlement. Fourth, the trustee alleges that Vortex does not have standing to move for

the disqualification of Jackson & Campbell. Fifth, the trustee alleges that the sole reason for Vortex's motion to disqualify Jackson & Campbell is to cause delay and gain a strategic advantage in the pending litigation, which the trustee argues is an impermissible trial tactic and a clearly insufficient cause to require disqualification. Finally, the trustee argues that Vortex's motion is barred by laches.

■ This Court is satisfied that as officers of the Court all attorneys have a continuing obligation to disclose to the Court violations of the Rules of Professional Conduct.[2] Although this Court recognizes that Vortex's reasons in bringing the motion for disqualification of Jackson & Campbell may not be purely for preserving the integrity of the judicial system, this Court holds that the defendants have standing to bring the motion and, moreover, once a violation of the ethical standards of conduct are brought to the attention of the Court by any party, this Court believes that it has an independent duty to consider and resolve the matter.[3] Thus, for these reasons the Court dismisses the trustee's allegations that the matter is not properly before the Court due to their allegation that Vortex lacks standing to raise the issue.

■ For these same reasons, the Court will not dismiss the defendants' motion for disqualification because it may have been brought as a trial tactic to delay an adjudication on the merits of the adversary proceeding now pending. The Court notes strongly, however, and with great resolve, that it will not condone the filing of unmeritorious and harrassing pleadings by any party. In fact, the assessment of sanctions should be readily considered by a court upon a showing that a motion for disqualification is nothing more than a baseless and unjustified personal and professional attack interposed solely to impede the pursuit of a party's legal rights. In the instant matter, however, this Court does not believe, that the defendants have engaged in improper conduct or should be barred by laches in bringing their motion to disqualify Jackson & Campbell. Vortex was occupied responding to other motions filed in these proceedings. Even if Vortex has been somewhat dilatory, this Court believes that it has an independent duty to consider the matter. *Empire Linotype School, Inc. v. United States,* 143 F.Supp. 627, 631 (S.D. N.Y.1956). Moreover, Vortex's conduct is not improper because there appears to be arguably two grounds upon which the continued representation of the trustee by Jackson & Campbell is questionable. Simply, these claims are 1) that Jackson & Campbell is a creditor of the defendants and 2) that Jackson & Campbell may have a conflict of interest in that they represent parties who may have interests adverse to the trustee in this matter.

■ This Court is unconvinced that the mere fact that Jackson & Campbell is a judgment lien creditor of the defendants in the subject adversary proceeding alone establishes a sufficient basis to disqualify them as attorneys for the trustee. The

---

**2.** DR 1–103 *Obligation to Report Misconduct.* (A) A lawyer having information indicating that another lawyer has committed a violation of the Disciplinary Rules that raises a substantial question as to that lawyer's fitness to practice law in other respects, shall report such information to the appropriate professional authority, .... Virginia Code of Professional Responsibility (1983).

EC 1–4 The integrity of the profession can be maintained only if conduct of lawyers in violation of the Disciplinary Rules is brought to the attention of the proper officials. A lawyer should reveal voluntarily to those officials all unprivileged knowledge of conduct of lawyers which he believes clearly to be in violation of the Disciplinary Rules. A lawyer should, upon request, serve on and assist committees and boards having responsibility for the administration of the Disciplinary Rules. Virginia Code of Professional Responsibility (1983). *See also In re Gopman,* 531 F.2d 262, 265–66 (5th Cir.1976).

**3.** "Counsel for the plaintiff ... was not simply nominated by the debtor but was confirmed by order of the Bankruptcy Court .... The interest of the Bankruptcy Court does not terminate with the approval of counsel—its supervision over the debtor's estate continues until the termination of the bankruptcy proceeding." *In re Bohack Corp.,* 607 F.2d 258, 261–62 (2d Cir. 1979).

cases cited by the defendants in support of their allegation that Jackson & Campbell should be disqualified because they are a creditor of the defendants (i.e. *In re Sambo's Restaurants, Inc.*, 20 B.R. 295 (Bkrtcy.C.D.Cal.1982) and *In re Bergdog Productions of Hawaii, Inc.*, 7 B.R. 890 (Bkrtcy.D.Haw.1980)) involve situations where counsel for the debtor had a friendly alliance with the shareholders of the debtor to the detriment of the debtor corporation.

In the instant matter, it appears that no such friendly alliance exists between Jackson & Campbell and the defendants in the adversary proceeding. In the instant matter, it does not appear credible that Jackson & Campbell may have a divided loyalty between the defendants of the adversary proceeding and the interest of the bankruptcy estate. The Court has been unable to find any case where an attorney was disqualified as counsel for the trustee *solely* because the attorney or attorneys were creditors of the defendants sued by the trustee. With regard to this ground of disqualification this Court finds that the interests of the trustee to independently select his own counsel and particularly in this matter, the trustee's interest to hire counsel already familiar with the facts and circumstances of this case override any possible taint upon the appointment of Jackson & Campbell to represent the trustee.

The defendants' allegation that is most troublesome to this Court is the allegation that Jackson & Campbell represent two parties who have interests adverse to one another. In particular, the allegation is that Jackson & Campbell represent the minority shareholders in the *Morgart* litigation that have an interest that may be adverse to the interests of the trustee in this matter. Vortex argues that the trustee has a cause of action against those minority shareholders to disgorge part of the settlement obtained by the minority shareholders for the benefit of Stancraft's creditors. The Court finds some merit in

this allegation and if, in fact, such a cause of action exists, disqualification is mandated. *See In re Bohack Corp.*, 607 F.2d 258 (2nd Cir.1979).

The Court disagrees with the trustee's assessment of the potential cause of action against the minority shareholders in the *Morgart* litigation as frivolous. In fact, the trustee's own co-counsel, Leonard E. Starr, III, represented to the Court at the hearing on the defendants' motion for disqualification that they (the trustee and his attorneys) were investigating the possibility of such a suit and would indeed pursue such causes of action if found to be viable. These revelations and the Court's own consideration of the potential cause of action against the minority shareholders gives credibility to the defendants' statement that "Jackson & Campbell's assessment that the trustee's claim against the minority shareholders is speculative is not relevant. The point of the disqualification motion is that Jackson and Campbell is not in position to give that advice or to make that determination. This is particularly true where that law firm advised the minority shareholders concerning the very settlement from which their liability may arise."[4] It appears from the record that the defendants' allegation that the trustee may have a cause of action against the parties represented by Jackson & Campbell is not purely speculative and baseless.

An attorney should not accept or continue employment if the interests of another client *may* impair the independent professional judgment of the attorney. Virginia Code of Professional Responsibility DR 5–105 (1983). In particular,

(A) A lawyer shall decline preferred employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the preferred employment, except to the extent permitted under DR 5–105(C).

(B) A lawyer shall not continue multiple employment if the exercise of his inde-

---

**4.** Defendants' Reply to Opposition of Trustee to Motion to Disqualify Jackson & Campbell, pp. 3 & 4.

pendent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C).

(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

(D) A lawyer who has represented a client in a matter shall not thereafter represent another person in the same or substantially related matter if the interest of that person is adverse in any material respect to the interest of the former client unless the former client consents after disclosure.

Virginia Code of Professional Responsibility, DR 5–105(A)–(D) (1983). Doubts about the propriety of representing clients with adverse or *potentially* adverse interests should be resolved against continuing or accepting the representation.[5]

██ With this in mind, the Court must note that the determination of whether the

trustee does indeed have a viable cause of action must be made by counsel who is in a position to make an independent judgment. It does not appear that the trustee nor the *Morgart* plaintiffs were made fully aware of the potential conflict. Nor does it appear "obvious" that adequate multiple representation in this matter is possible. This Court, therefore, cannot find that Jackson & Campbell's clients (the trustee and the *Morgart* plaintiffs) consented to the representation after full disclosure.[6] The Court has no alternative but to rule that Jackson & Campbell represent an interest sufficiently adverse to the trustee to mandate their disqualification to represent the trustee in the litigation now pending before this Court.[7] Any advantage gained by the defendants in this matter due to possible delay and additional expense caused by the replacement of counsel here are clearly outweighed by the need to preserve the integrity of the judicial process for the benefit of the public which it serves.

---

**5.** EC 5–14 Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant.

EC 5–15 If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. *He should resolve all doubts against the propriety of the representation.* A lawyer should never represent in litigation multiple clients with differing interests, and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests. If a lawyer accepted such employment and the interests did become actually differing, he would have to withdraw from employment with likelihood of resulting hardship

on the clients; and for this reason it is preferable that he refuse the employment initially. On the other hand, there are many instances in which a lawyer may properly serve multiple clients having potentially differing interests in matters not involving litigation. If the interests vary only slightly, it is generally likely that the lawyer will not be subjected to an adverse influence and that he can retain his independent judgment on behalf of each client; and if the interests become differing, withdrawal is less likely to have a disruptive effect upon the causes of his clients. Virginia Code of Professional Responsibility (1983). In addition, the Second Circuit in *In re Bohack Corp.*, 607 F.2d 258, 263 (2d Cir.1979) stated that "it is the potential manifestation of the conflict with which [the court is] concerned."

**6.** A deposition taken of the trustee reveals that he was not fully informed of the potential conflict. (Schmidt deposition, pp. 64–67, 71–72, Vortex's Exhibit # 1).

**7.** Disqualified attorneys may not be compensated out of assets of the estate. *In re W.T. Byrns Inc.*, 260 F.Supp. 442, 445 (E.D.Va.1966).