In re Carl H. NEUMAN, d/b/a Lydia E. Hall Hospital, Syosset Hospital, and Long Island Food Company, Debtor.

Nos. 90 CIV. 3091 (KMW), 90 CIV. 3092 (KMW).

United States District Court, S.D. New York.

March 10, 1992.

Arent, Fox, Kintner, Plotkin & Kahn, Sp. Counsel, Washington, D.C., Zalkin, Rodin & Goodman, Gen. Counsel, New York City, for trustee.

## CORRECTED OPINION AND ORDER

KIMBA M. WOOD, District Judge.

By Order of March 19, 1990, the Hon. Prudence B. Abram of the United States Bankruptcy Court for the Southern District of New York authorized Trustee Garrity to retain the firm Arent, Fox, Kintner, Plotkin & Kahn ["Arent Fox"] as special counsel, and authorized that firm's request for compensation. The United States of America has appealed those orders. This Court affirmed those orders on October 14, 1991. This Court now corrects its October 14, 1991 opinion, reverses the Bankruptcy Court's appointment of Arent Fox, and vacates the Bankruptcy Court's authorization of fees, without prejudice to a renewed application.

## BACKGROUND

This appeal comes to us from what is apparently a long and acrimonious bankruptcy proceeding before Judge Abram. The present appeal concerns two orders of the Bankruptcy Court of March 19, 1990: (i) granting the Trustee's motion to retain Arent Fox as special counsel, pursuant to 11 U.S.C. § 327(e); and (ii) allowing payment of interim compensation and reimbursement of expenses to Arent Fox, pursuant to 11 U.S.C. §§ 328, 331. On May 15, 1990, Judge Morris E. Lasker authorized discretionary review of the government's interlocutory appeals to Judge Abram's orders. *In re Carl H. Neuman, et al.*, M–47 (MEL), 1990 WL 67704 (S.D.N.Y. Decision and Order of May 15, 1990).

This Court will not attempt to recount the history of these proceedings, but certain aspects of the case are highly relevant to the issues at hand. The debtor, Neuman, filed a Chapter 11 petition on December 11, 1984. The petition disclosed $11,920,749 in assets as against $29,268,472 in liabilities. Among his major assets was the Lydia E. Hall Hospital ("LEHH"), which is no longer in existence. The Health Care Financing Administration of the United States Department of Health and Human Services claims in excess of ten million dollars against Neuman in connection with alleged Medicare overpayments to LEHH. Although there are numerous creditors of this estate, many alleging large claims, the United States Government is the largest single creditor.

General counsel to the Trustee in this case is Zalkin, Rodin & Goodman. However, the Trustee moved in Bankruptcy Court to appoint Arent Fox as *special* counsel, in order to:

(i) advise the Trustee on Medicare and Medicaid law issues,

(ii) analyze and evaluate the estate's claims in several appeals which are pending before the Provider Reimbursement Review Board and to pursue those claims which are determined to have merit and

(iii) assist the Trustee in determining the allowable amount of the claim filed in this case by the United States of America, including assistance in connection with the setoffs to the overpayment claim filed by the Health Care Financing Administration of the United States Department of Health and Human Services.

*In re Neuman, et al.*, 84–B–11704 (PBA), Order of March 19, 1990 [hereinafter *Neuman*]. The Bankruptcy Court made that appointment for those purposes pursuant to 11 U.S.C. § 327(e). It also ordered that "compensation and reimbursement of expenses of Arent Fox for its services on behalf of the Trustee shall be hereafter fixed by the Court, upon appropriate application therefore made in accordance with the Bankruptcy Code ..." and subject to certain other conditions. *Id.* This compensation was for earlier, ultimately unsuccessful, litigation against the government on behalf of the debtor.

## DISCUSSION

### I.

The Bankruptcy Code empowers a trustee to employ counsel and other professionals to assist the trustee in her duties. 11 U.S.C. § 327(a). Section 327(a) requires those professionals to be "disinterested persons," and it requires the court's approval. In addition, however, § 327(e) provides for appointment of *special counsel,* and lays out different criteria for such appointments:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such an attorney does not represent or hold any interest adverse to the debtor or to the debtor's estate with respect to the matter on which such attorney is to be employed.

*Id.*

The Court below found that the appointment of Arent Fox was in the best interest of the estate, that "Arent Fox will not represent the Trustee, generally, in the conduct of the Chapter 11 case," that Arent Fox "does not hold or represent any interest adverse to the debtor or the estate with respect to the matters upon which Arent Fox is to be employed." *Neuman.*

On pages 25–30 of its memorandum of law in support of its appeal, Appellant argues that the disinterestedness requirement of § 327(a) is not satisfied by the appointment of the Arent Fox firm. In support of this claim, Appellant points out that Arent Fox has an extensive history of representing the debtor, that Arent Fox is a pre-petition creditor of the debtor, that a partner in Arent Fox is a cousin of Neuman's, and that, more generally, Arent Fox has a long-standing personal and professional relationship with the debtor. It also cites numerous cases where inadequate disinterestedness rendered inappropriate a § 327(a) appointment.

Appellee essentially concedes, as we think it must, that it does not meet the disinterestedness standards of § 327(a). In its defense, however, Appellee correctly points out that the Bankruptcy Court's appointment was made pursuant to § 327(e) and not § 327(a). The critical question is thus whether appointment pursuant to § 327(e) was appropriate.

A threshold requirement under § 327(e) is that the appointment be for a "special purpose," and not to represent the trustee in "conducting the case." We have found little authority on how this requirement ought to be interpreted. According to *Collier on Bankruptcy,* however:

> The reference to "conducting the case" includes those matters which form part a part of the administration of the case under the Code, *e.g.,* in a reorganization case, assisting in the formulation of a plan and assisting the trustee in carrying out the required investigations; in a liquidation case, examining the validity of liens and claims, and collecting the assets of the estate when legal action is required.

2 *Collier on Bankruptcy* (15th ed. & 1991 Supp.) ¶ 327.03[6]. In this reorganization case, the question is thus whether, on the

one hand, the appointment was for a special purpose, or, on the other hand, it was for assisting in the formulation of a plan and carrying out required investigations.

A good argument can be made that the appointment in the case at bar falls into *both* of the allegedly exclusive categories. That is, on the one hand, the appointment was clearly for a *special* purpose, in the sense that Arent Fox's services are being employed only with respect to one claimant (the United States) and one sort of claim (medically related). On the other hand, investigating the validity of the government's claims is a large part of conducting this case. The applicability of § 327(e) turns on whether it is sufficient for § 327(e) that there be a narrow characterization of the purpose of the appointment, or whether it is necessary, in addition, that the appointment meet the negative characterization that the purpose not be *part of* the trustee's general duty of conducting the case.

■ We think it is clear both from the language of § 327(e) and from the framework of § 327 more generally that, even if there is a special purpose, it is crucial that the appointment not be part of the trustee's general duty of conducting the case. First, the text of § 327(e) says "a specified special purpose, other than representing the trustee in conducting the case." The qualification in the latter clause is *in addition* to the description "specified special purpose." We interpret this to mean that among specified special purposes, those that involve representing the trustee in conducting the case are ruled out for § 327(e).

■ Second, the fact that § 327(a) appointments must be disinterested suggests that disinterestedness is a requirement for anyone representing the trustee in conducting any part of the case. There is no reason to suppose that disinterestedness is any less important when only some of the claims are being evaluated than it is when all of the claims are being evaluated. The need for disinterestedness is apparent from the situation here, where Arent Fox is a pre-petition creditor and the total claims exceed the total debts, so that Arent Fox

has a financial interest in casting doubt on the validity of any other creditor's claim. We note that in the more typical § 327(e) appointment, special counsel is employed in litigation that would have the effect, if successful, of increasing or preserving the estate's assets for *all* prepetition creditors. By contrast, investigation of the Government's claims in this case would have the potential to increase the returns of some creditors (including Arent Fox), at the expense of one creditor (the Appellant).

This analysis matches that of *In re Tidewater Memorial Hosp., Inc.,* 110 B.R. 221 (Bkrtcy.E.D.Va.1989), one of the few opinions to interpret the scope of § 327(e). That case also involved the appointment of a pre-petition creditor, a previously employed law firm that specialized in health care law, and a debtor who owned a number of hospitals. In a thorough opinion, the Bankruptcy Court decided that the fact that the law firm was appointed for its health care law expertise, and with respect to certain transactions, was not sufficient to bring it within § 327(e). It found that because the law firm was involved in part of the conduct of the case (a sale pursuant to the reorganization), "counsel who cannot meet the disinterestedness standard of § 327(a) should not be able to bypass this requirement through employment as special counsel." *Tidewater,* 110 B.R. at 228.

■ It is true that Congress intended, and courts have allowed, considerable latitude in assessing conflict-of-interest qualifications for § 327(e) purposes. However, that begs the question here. The question is whether this appointment comes within § 327(e) to begin with, not whether the § 327(e)'s conflict-of-interest requirements are met. We find that appointment was not with § 327(e) because it was not "for a special purpose *other than to represent the trustee in conducting the case,*" within the meaning of § 327(e) (emphasis added).

II.

Appellant assumes, *arguendo,* that the appointment came within § 327(e), and argues that it must nevertheless be rejected because it embodies just the sort of conflict of interest recognized by the Court of Ap-

peals for the Second Circuit in *In re Bohack Corp.*, 607 F.2d 258 (2d Cir.1979). In *Bohack,* special counsel were representing the estate against certain parties who were alleged to have defrauded the debtor-corporation. The facts indicated that the chairman of the debtor's board ought to have been included as a defendant in that action, but the special counsel was a close personal friend of the debtor's chairman. The Second Circuit found that this was a disqualifying conflict of interest, stating:

> An attorney who has been closely related by professional, business and personal ties to those whose conduct may now be suspect is evidently in no position to make any objective appraisal of the nature and extent of their involvement.

*Id.* at 264.

Appellee argues that *Bohack* does not apply. In *Bohack,* it argues, the special counsel's relation to the party in question was adverse to the estate, because it tended to have the effect of reducing the special counsel's vigor and candor in litigating against that party on behalf of the estate, and thus to reduce its effectiveness. By contrast, claims the Appellee, Arent Fox's association with the debtor in this case has the tendency—assuming *arguendo* that it is not capable of perfect neutrality—of increasing the amount in the estate by decreasing the Government's claims. Appellee contends that, in any case, Arent Fox's connection with the debtor does not constitute an interest adverse to the debtor or adverse to the estate, and therefore does not render § 327(e) appointment inappropriate.

 The foregoing analysis is unsound because it assumes that if special counsel is free of interests adverse to the estate or to the debtor, then no disabling conflict of interest could exist. This ignores the fact that appointment also cannot violate an attorney's more general obligation to decline representation where there is a prohibited conflict of interest. The analysis in *Bohack* suggests that as a matter of professional responsibility, an attorney should not be engaged by a trustee in bankruptcy if—as is true in this case—that employment requires an objective appraisal of claims of fraud, and the attorney has close

personal and professional ties to the alleged defrauder. The potential for disabling conflict is compounded in this case, where Arent Fox, as a pre-petition creditor, has a financial incentive to find that the Government's fraud claims against the debtor are meritless. We thus find that, even if the appointment were not improper by virtue of being part of the conduct of the case, it would be improper in light of *Bohack.*

### III.

Arent Fox made its application for past fees as a condition of accepting its appointment by the Trustee. In light of the fact that the appointment of Arent Fox was improper, the posture of the application for fees is no longer the same. The Bankruptcy Court's approval of those fees is therefore vacated, without prejudice to Arent Fox should it renew is application for past fees.

### CONCLUSION

For the reasons stated, and correcting this court's opinion of October 14, 1991, the lower court's appointment of Arent Fox is reversed, and the lower court's authorization of fees is vacated without prejudice.

SO ORDERED.