**In re SPIEGEL, et al.**

**No. 03 B 11540 (CB).**

United States Bankruptcy Court,
S.D. New York.

May 7, 2003.

---

Chadbourne & Parke, LLP, New York City, David M. LeMay, Howard Seife, Of Counsel, Proposed Counsel for the Official Committee of Unsecured Creditors.

**DECISION: (i) REGARDING APPLI-CATION BY THE OFFICIAL COM-MITTEE OF UNSECURED CRED-ITORS FOR THE ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION BLOCKING PRO-CEDURES AND PERMITTING TRADING OF THE DEBTORS' SE-CURITIES UPON ESTABLISH-MENT OF A SCREENING WALL; and (ii) SCHEDULING FURTHER HEARING FOR JUNE 10, 2003**

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

In this chapter 11 case, the proposed counsel for the official committee of unsecured creditors (the "Committee") + has moved this Court for an order "pursuant to 11 U.S.C. § 105(a) approving information blocking procedures and permitting trading of the Debtor's Securities...in certain situations..." The Committee's application, dated April 9, 2003 (the "Applica-

tion"), is before this Court by Notice of Presentment, returnable April 28, 2003. To date, no objections have been filed on this Court's docket. However, for the reasons discussed below, this Court will not enter the proposed order, or grant the requested relief.

BACKGROUND

According to the Application, the Committee was formed on March 24, 2003. The Committee consists of nine members who are "bank lenders, trade creditors, and a landlord..." Application, ¶ 2. In addition, on April 3, 2003, the Committee voted to add JPMorgan Chase as a nonvoting *ex officio* member of the Committee, as permitted by the Committee's By-Laws. Application, ¶ 2.

The Committee now seeks

entry of an order...determining that those Committee members, including *ex officio* Committee members (the "Committee Members"), acting in any capacity and engaged in the trading of securities for others or for their own account as a regular part of their business, but not their affiliates (collectively, the "Securities Trading Committee Members"), will not violate their fiduciary duties as Committee Members by trading in the Debtors' debt or equity securities or other claims or interests, including bank debt claims (collectively, the "Debtors' Securities") during the pendency of the Debtors' chapter 11 cases, provided that any Securities Trading Committee Member carrying out such trades establishes, effectively implements and strictly adheres to the information blocking policies and procedures (collectively, the "Screening Wall") that are approved by the Office of the United States Trustee herein or that are otherwise consistent with the respective Screening Walls established by this Court in the matter of

*In re WorldCom, Inc., et al.*, Case No. 02–13533(AJG)...

Application, ¶ 4.

## DISCUSSION

 A creditor's committee stands as a fiduciary to the class of creditors it represents. *See, e.g., Woods v. City Nat'l Bank and Trust Co. of Chicago et al.*, 312 U.S. 262, 268–269, 61 S.Ct. 493, 85 L.Ed. 820 (1941); *Westmoreland Human Opportunities, Inc. v. Walsh et al.*, 246 F.3d 233, 256 (3rd Cir.2001). The Second Circuit has further written that a creditors' committee, as fiduciary, "must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors." *In re Bohack Corp. et al.*, 607 F.2d 258, 262 n. 4 (2d Cir.1979).

 In support of its Application, the Committee refers this Court to orders entered by various courts in this jurisdiction, including this Court's own order in *In re Iridium Operating LLC*, Case No. 99 B 45005(CB).[1] This Court is therefore constrained to differentiate the decision it announces today with that issued in *Iridium.*

To begin, it is true that the Application in the *Iridium* matter sought an order determining that "those committee members, acting in any capacity, engaged in the trading of securities as a regular part of their business" will not violate their duties as Committee members... "by trading in the Debtors' stock, notes, bonds, debentures, participations in any of the Debtors' debt obligation, or other claims not covered by Bankruptcy Rule 3001(e)..."

The protection requested was contingent upon any Committee member establishing what the Committee termed a "Screening Wall", which wall had already been established at Alliance Capital Management, L.P. The Application went on to describe Alliance's business, its fiduciary duties to its clients, and the specific harm that would flow to Alliance should it not receive the protections requested by the Committee. Therefore, while the protection was sought for all applicable Committee members, this Court had the benefit of a factual record detailing the specific circumstances surrounding the request for at least one particular member.

In this case, there is no such factual record for any of the Committee members. This Court has nothing before it regarding the nature of any of the members' businesses, their fiduciary duties, or the specific harm that would flow to them if this Court were not to grant the requested relief.

Without such information, other queries arise: if this Court is to grant the relief to "engaged in the trading of securities for others or for their own account as a regular part of their business", who determines which members are entitled to such a designation? How would such a determination be made? Surely this Court should have an opportunity to review any designation—and this Court cannot do so without an adequate factual record.

Instead, it appears that the Committee in this case seeks approval of a general scheme now, with affidavits from applicable members to follow, "as evidence of [the member's] implementation of the procedures detailed [in the Application]." Application, ¶ 7. To this Court, this is not an acceptable procedure. This Court requires such information PRIOR to approval of any procedure.

Furthermore, this Court is concerned that the relief requested extends to an *ex*

---

1. Because the decision of Judge Gonzalez in *In re WorldCom, Inc. et al.* is not binding on this Court, this opinion will not discuss Judge Gonzalez's order.

*officio* member, JPMorgan Chase. This Court has no information regarding the circumstances of JPMorgan Chase's admission to Committee, other than that such non-voting membership is authorized by the Committee's by-laws. This Court can think of no reason for JPMorgan's involvement with the Committee other than to receive specifically the protections of the requested Trading Order.

■ As a final matter, this Court has reviewed the Affidavit of Service filed in connection with this Application. Generally, this Court allows service on a committee of unsecured creditors, in lieu of service on the unsecured creditors themselves, because a creditors' committee will represent the interests of all class members in reviewing proposed orders and applications. In this case, however, the relief sought is for the Committee members themselves—to be excused from their fiduciary duty—and therefore the Application must be served on every member of the affected class. This court would be very interested in any comments the affected class members may have about the relief requested in the Application.

This Court is further concerned that the Application was made by proposed counsel for the Committee, on behalf of the committee, where the relief requested benefits a limited number of committee members to the potential detriment of the unsecured creditor body as a whole. This Court will address counsel's behavior at a later date.

In this case, the Committee appears to be aware of its fiduciary obligations, as their application seeks a finding that certain trading activities are not in violation of their responsibilities. As discussed above, this Court cannot make such a finding absent an appropriate factual record.

Even with such a record, this Court would not be inclined to grant such relief as the Committee requests, as this Court intends to hold the Committee to full and strict compliance with its fiduciary obligations. *See Woods v. City Nat'l Bank et al.*, 312 U.S. at 269, 61 S.Ct. 493 ("Only strict adherence to these equitable principles can keep the standard conduct for fiduciaries 'at a level higher than those trodden by the crowd'".); *In re Ira Haupt & Co.*, 361 F.2d 164, 168 (2d Cir.1966) ("...the conduct of bankruptcy proceedings not only should be right but must seem right."). For example, if members of the Committee are allowed to trade in the securities of the Debtor, regardless of how the creditor internally divides its office, there is an appearance of impropriety—to the extent such trading information is made public, the trades of a creditor-company which sits on an official committee of unsecured creditors could influence non-members in the marketplace who may not be aware that the creditor has a screening wall or other such device in place.

Hindsight is always 20/20, and this Court rules the day it opened the Pandora's Box in *Iridium*. This Court has very strong reservations about the relief requested, but will not deny the Application at this time. Instead, this Court will conduct a further hearing on the Application on June 10, 2003 at 2:00 p.m.