977 F.2d 906
 61 USLW 2298, 23 Bankr.Ct.Dec. 957, Bankr.
L. Rep. P 74,943
 In re HAROLD & WILLIAMS DEVELOPMENT COMPANY, a/k/a Albert E.
Harold, a/k/a A.E. Harold & Son, Debtor.
HAROLD & WILLIAMS DEVELOPMENT COMPANY, a/k/a Albert E.
Harold, a/k/a A.E. Harold & Son, Plaintiff-Appellant,
v.
UNITED STATES TRUSTEE, Defendant-Appellee.
 No. 92-1034.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 6, 1992.
Decided Oct. 20, 1992.
 
 Harry William Jernigan, III, Harry W. Jernigan, P.C., Virginia Beach, Va., argued (Linda E. Salmon, on the brief), for plaintiff-appellant.
 Clifford Joseph White, III, Asst. U.S. Trustee, Rockville, Md., argued (Martha L. Davis, General Counsel, John E. Waites, U.S. Trustee, Debera F. Conlon, Asst. U.S. Trustee, James T. Lloyd, Jr., Office of the U.S. Trustee, Norfolk, Va., on the brief for defendant-appellee.
 Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 NIEMEYER, Circuit Judge:
 
 
 1
 In the Chapter 11 bankruptcy proceeding of Harold & Williams Development Company, the bankruptcy court was presented with a request to approve the appointment of one person to serve as both lawyer and accountant for the debtor in possession pursuant to 11 U.S.C. § 327. Purporting to establish what appears to be a per se rule against such dual roles in all bankruptcy cases, the bankruptcy court denied the request. On appeal, the district court refused to affirm a per se rule because, it observed, there may be "rare instances" in which the appointment of one person might serve the best interest of the estate. The district court nevertheless affirmed the bankruptcy court's ruling, noting that the decision under § 327 rests within the discretion of the bankruptcy court and concluding, "In this case the bankruptcy court found dual representation to be inappropriate and we agree."
 
 
 2
 We agree with the district court that the approval or disapproval of an application for dual representation pursuant to § 327 is committed to the discretion of the bankruptcy court. In the instant case, however, the bankruptcy court did not evaluate the particular circumstances and exercise its discretion in reaching a decision, relying instead on what appears to be a per se rule. We therefore reverse and remand for consideration under the proper standard.
 
 
 3
 * On January 17, 1990, Harold & Williams Development Company filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. It continued thereafter to operate its business and manage its property as a debtor in possession of the bankruptcy estate pending reorganization under Chapter 11.
 
 
 4
 In March 1990 the debtor petitioned the bankruptcy court in accordance with 11 U.S.C. § 327 for approval of its decision to hire Harry W. Jernigan, III to represent the bankruptcy estate in the dual capacities of attorney and accountant. Jernigan is licensed and qualified to accept employment as a certified public accountant, practicing accounting under the firm name of Harry Jernigan, C.P.A., P.C., and as an attorney in the Commonwealth of Virginia, practicing law under the firm name of Harry W. Jernigan, P.C.
 
 
 5
 The bankruptcy court conducted a hearing on the employment petition in May 1990. There, the United States Trustee argued against employing Jernigan as both counsel and accountant for the estate because of the "potential for a conflict" between "the accountant's duty to disclose and the attorney's duty to zealously represent" the client. In response, Jernigan stated that the accounting work to be done for the debtor consisted only of "summarizing their receipts and disbursements into the format as required by the bankruptcy proceedings for the monthly financial reports, and the format specified by the trustee's office, and preparing tax returns," which is, according to Jernigan, a type of work often done by law firms. Because of the nature of the accounting tasks involved, and the expected simplicity of the bankruptcy proceeding itself, the debtor argued that it was unlikely that any conflict of interest would result from the accounting work that would preclude him from acting as the debtor's lawyer.
 
 
 6
 At the conclusion of the hearing the bankruptcy court approved the employment of Jernigan as attorney for the debtor but deferred action on the request to employ him also as accountant. The court ultimately refused to approve Jernigan's appointment as accountant, noting the "inherent potential for conflict between the two types of professionals" and the possibility of "serious problems of disclosure" resulting from the existence of an attorney-client privilege but lack of an equivalent privilege for discussions between accountants and their clients. The bankruptcy court concluded:
 
 
 7
 I have discussed my concerns with the other bankruptcy judges of the eastern district of Virginia, and they are all in agreement with my conclusion that in a bankruptcy case the positions of attorney and accountant should not be filled by the same person.
 
 
 8
 The debtor appealed to the district court, asking for reversal on the grounds that neither Virginia law nor 11 U.S.C. § 327 supports a per se rule against dual attorney-accountant representation of a debtor in possession. The district court agreed that the "appointment of a single individual to be both the attorney and the accountant would [not] always be inappropriate." However, basing its decision on the "numerous ... problems that could arise" as a result of dual employment in the usual bankruptcy case, the district court determined that the bankruptcy court did not abuse its discretion in denying the requested approval of employment in this case because the debtor had not sufficiently demonstrated this to be one of the "rare instances" in which dual employment was appropriate.
 
 This appeal followed.[1]
 II
 
 9
 In enacting the Bankruptcy Code, Congress entrusted the power to approve the appointment of professionals to work on behalf of a bankruptcy estate to the discretion of the bankruptcy courts. As stated in 11 U.S.C. § 327(a):
 
 
 10
 Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
 
 
 11
 Although the Code vests in the bankruptcy trustee the immediate power to select candidates for employment by the bankruptcy estate, it gives broad discretion to the bankruptcy court over the appointment of professionals to work on behalf of the trustee and the estate, in part by empowering the court to approve candidates so selected. See In re Martin, 817 F.2d 175, 182 (1st Cir.1987) ("Historically, bankruptcy courts have been accorded wide discretion ... in regard to the terms and conditions of the engagement of professionals.").
 
 
 12
 Even so, that discretion is carefully circumscribed. Under the terms of § 327(a), the bankruptcy court may only approve the appointment of a "disinterested person," cf. 11 U.S.C. § 101(14) (defining "disinterested"), and may not approve the appointment of a professional who holds or represents "an interest adverse to the estate." Additionally, the bankruptcy court cannot approve a trustee's appointment of "a person that has served as an examiner in the case," § 327(f), and may only approve the employment of a professional who has represented a creditor of the estate if that person no longer represents the creditor in connection with the bankruptcy case, § 327(c). These are congressionally established per se rules that a bankruptcy court must apply in exercising its approval power over the appointment of professionals. See Childress v. Middleton Arms Ltd. Partnership (In re Middleton Arms), 934 F.2d 723, 725-26 (6th Cir.1991). Neither party to the present appeal, however, suggests that these rules require the disqualification of Jernigan to serve as the estate's counsel and accountant.
 
 
 13
 Because the few absolute disqualifications Congress has established are carefully delineated and narrowly tailored,[2] the courts must take care not to fashion absolute prohibitions beyond those legislatively mandated without some measure of assurance that the purposes of the Bankruptcy Code always will be served thereby. Just as the bankruptcy court cannot use its equitable powers to ignore legal requirements set out by Congress in the Bankruptcy Code, see IRS v. Levy (In re Landbank Equity Corp.), 973 F.2d 265, 271 (4th Cir.1992), it is our opinion that the court similarly must not abdicate the equitable discretion granted to it by establishing rules of broad application which fail to take into account the facts of a particular case and the overall objectives of the bankruptcy system. See In re Martin, 817 F.2d at 182; see also In re BH & P, Inc., 949 F.2d 1300, 1315 (3d Cir.1991) ("[C]ourts have generally declined to formulate bright-line rules concerning the criteria for disqualification but have favored instead an approach which gives the bankruptcy court discretion to evaluate each case on the facts, taking all circumstances into account.").
 
 
 14
 Thus, once the trustee meets the burden of demonstrating that an applicant for professional employment is qualified under § 327, see Bankr.Rule 2014(a), the discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system. Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding. Cf. In re BH & P, 949 F.2d at 1316.
 
 
 15
 In upholding the bankruptcy court's decision to reject the dual employment application in this case, the district court was concerned that the general possibility of a conflict of interest could result in unnecessary additional costs to the bankruptcy estate. The district court was also concerned about problems of disclosure that might arise about confidential information, protected in the hands of an attorney by the attorney-client privilege and duties of confidence, but maybe not in the hands of an accountant because of the absence of analogous rules. We agree that these factors with which the district court was concerned do tend inherently to weigh against dual appointments and are not only appropriate for consideration, but also may, in many cases, result in a justifiable decision not to permit dual employment. Cf. In re Martin, 817 F.2d at 183 ("[T]he potential for conflict and the appearance of conflict, without more, can justify [judicial action based on an absence of 'disinterest']. Yet, horrible imaginings alone cannot be allowed to carry the day."). Nonetheless, bankruptcy cases vary greatly in their size, scope, and disposition, and the roles of accountant and lawyer vary similarly, making it necessary to evaluate each case individually.
 
 
 16
 Without a more specific inquiry into the facts of a particular case, when one person seeks generally to serve both as lawyer and accountant, the potential for unfortunate entanglements and conflicts would seem to present an unacceptable risk of subsequent disqualification and expense to the estate. For instance, if an accountant intended to provide auditing services and render an objective and independent opinion on the financial records of the business, he could not, in his dual role as the debtor's attorney (and, thus, potential advocate) fulfill any responsibility to question the opinion. In another circumstance, however, if the intended accounting role was limited to providing bookkeeping services to facilitate the preparation and filing of bankruptcy court documents, an actual conflict might not exist, and any potential risk might be outweighed by efficiency and cost savings. In considering the approval of dual appointments, a bankruptcy court should satisfy itself that the foreseeable legal and accounting tasks present no inherent conflict or potential breach of confidence. The court should then weigh, against the risks of any potential difficulties, the potential advantages to the bankruptcy estate of a dual appointment, such as savings of time and money spent on estate administration.
 
 
 17
 Harold & Williams argues that in the present case significant efficiency can be effected by combining legal and accounting services in one person or firm. We do not resolve here whether that is so and do not mean, by anything that we have said, to suggest the appropriate decision. It is the trustee's burden, or in this case the debtor's, see 11 U.S.C. § 1107(a) (providing that, with some exceptions, a debtor in possession has the same rights, powers, and duties as would a trustee), to demonstrate to the bankruptcy court that the potential advantages of dual representation outweigh the costs. See Bankr.Rule 2014(a).
 
 
 18
 Since the bankruptcy court in this case considered itself without authority to approve Jernigan's appointment as both accountant and counsel for the debtor in possession, the court failed to exercise its discretion in considering the two employment applications. Harold & Williams was not given the opportunity to demonstrate to the bankruptcy court that this was, in the language of the district court, one of the "rare instances" in which dual employment was appropriate. The district court's decision, upholding the denial of the employment application on "abuse of discretion" grounds, therefore cannot be sustained. We reverse and remand this case with instructions to the district court to remand it to the bankruptcy court for further proceedings in accordance with this opinion.
 
 
 19
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 On May 27, 1992, after this appeal was filed, the bankruptcy court entered an order confirming a plan of reorganization for the debtor, thus obviating the need for court "approval" of an accountant for the bankruptcy estate. In response to our request for supplemental briefing with regard to our appellate jurisdiction, the United States Trustee moved to dismiss on the ground that the appeal is moot. Noting that the debtor used Jernigan's services as an accountant up until the time the bankruptcy court rendered its decision, which we are told is in accordance with the local practice, and now desires to pay for those services out of a fund established in the reorganization plan for the disbursement of administrative claims for service to the former bankruptcy estate, the debtor argues that the appeal is not moot. Considering the potential effect of the bankruptcy court's ruling on the debtor's ability to accomplish that expressed objective, cf. In re Tidewater Memorial Hosp., Inc., 110 B.R. 221 (Bankr.E.D.Va.1989) (holding that professionals may not be compensated for services performed without court approval of the § 327 application), we consider the controversy to be a live one. See Powell v. McCormack, 395 U.S. 486, 496-97, 89 S.Ct. 1944, 195, 23 L.Ed.2d 491 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")
 
 
 [2]
 In enacting § 327, it is clear that Congress seriously considered the circumstances in which a professional would be automatically disqualified from employment by the trustee. For example, under the original House bill a professional would not have been automatically prohibited from representing the estate merely because that person also represented an unsecured creditor of the estate. See H.R.Rep. No. 95-595, 95th Cong., 2d sess. 328, reprinted in 1978 U.S.C.C.A.N. 5963, 6284. The Senate version, reflecting a somewhat different notion, provided that "a professional person is not disqualified for employment solely because of the person's prior employment by or representation of a secured or unsecured creditor." S.Rep. No. 95-989, 95th Cong., 2d sess. 38, reprinted in 1978 U.S.C.C.A.N. 5787, 5824. The final compromise, enacted as 11 U.S.C. § 327(c) provided that, in Chapter 7 and 11 cases, "a person is not disqualified for employment ... solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor." This language was further refined by amendment in 1984. Pub.L. 98-353
 While § 327(c) is not directly relevant to this case, this history serves to illustrate Congress' careful efforts to tailor narrowly its own per se disqualification provisions. A similar illustration is found in the intricate detail with which Congress defined "disinterested" in 11 U.S.C. § 101(14).